UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN D. BRAZIER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:19-cv-00563-JPH-DLP |
| ROGERS, et al. | ) ) ) |
| Defendants. | ) |

**Order Screening the Complaint,
Dismissing Deficient Claims,
and Directing Service of Process**

Plaintiff Kevin Brazier, an inmate at the Wabash Valley Correctional Facility (Wabash Valley), brings this action pursuant to 42 U.S.C. § 1983, alleging that his First, Eighth, and Fourteenth Amendment rights were violated by the defendants' retaliation, excessive force, and discrimination. Because Mr. Brazier is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Pro se complaints such as the one filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

1

## II. The Complaint

Mr. Brazier filed a complaint on November 22, 2019, naming the following defendants: (1) Officer Rogers; (2) Officer Ivy; (3) Officer Goodman; (4) Officer Scott; and (5) Warden R. Brown. The Court construes the complaint as naming the defendants in their individual capacities. Mr. Brazier seeks compensatory and punitive damages.

On August 22, 2019, Mr. Brazier was on the fourth day of a hunger strike protesting Wabash Valley's commissary policies. After refusing his twelfth consecutive meal, Mr. Brazier was allegedly placed in a holding cell and pepper sprayed. He was then escorted back to his cell by Officer Ivy and Officer Goodman.

Once Mr. Brazier was secured inside his cell, he held open his cuff port and asked the officers standing outside why he had been pepper sprayed. Officer Rogers became annoyed by these questions and allegedly tried to shut the cuff port on Mr. Brazier's hands. He told Mr. Brazier, "You not going to move your hands? You better move them or I'll break them." Officer Rogers, joined by Officer Ivy and Officer Goodman, allegedly began slamming the cuff port on Mr. Brazier's hands and arm. Although Officer Scott did not participate in this conduct directly, he allegedly stood by and watched without attempting to intervene.

Warden Brown was not present during this incident, but he allegedly knew that Officer Rogers, Officer Ivy, and Officer Goodman were known for excessive force and did not move them to a different location within the facility.

## III. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state

law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment protects prisoners from excessive physical force amounting to cruel and unusual punishment. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). The "core judicial inquiry" in excessive force claims is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 37. An officer may be liable under § 1983 for failing to take reasonable steps to stop the use of excessive force by fellow officers. *Sanchez v. City of Chicago*, 700 F.3d 919, 926 (7th Cir. 2012). A warden may be liable under § 1983 if he is aware that the prisoner is at a substantial risk of serious harm and acts with deliberate indifference to that risk. *Santiago v. Walls*, 599 F.3d 749, 458 (7th Cir. 2010).

Based on the screening standards set forth above, Mr. Brazier's excessive force claims **shall proceed** against Officer Rogers, Officer Ivy, Officer Goodman, and Officer Scott. His deliberate indifference claim **shall proceed** against Warden Brown

Although Mr. Brazier alleges that he was placed in a holding cell and pepper sprayed in retaliation for his non-violent protest, his retaliation claims are **dismissed** because he does not allege that any of the defendants participated in this conduct. If Mr. Brazier wishes to proceed on his retaliation claims, he will have to identify the individuals who directly participated in the alleged retaliatory conduct. His discrimination claims are **dismissed** because he does not allege that he was discriminated against based on his membership in a protected class. *See Herro v. City of Milwaukee*, 44 F.3d 550, 552 (7th Cir. 1995).

This summary of claims includes all the viable claims identified by the Court. All other claims are dismissed. If Mr. Brazier believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 6, 2020**, to identify those claims.

## IV. Summary and Service of Process

Mr. Brazier's Eighth Amendment excessive force claims **shall proceed** against Officer Rogers, Officer Ivy, Officer Goodman, and Officer Scott. His Eighth Amendment deliberate indifference claim **shall proceed** against Warden Brown. All other claims are **dismissed**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Officer Rogers, Officer Ivy, Officer Goodman, Officer Scott, and Warden Brown in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Entry.

The **clerk is directed** to terminate "Wabash Valley Corr. Fac." from the docket.

**SO ORDERED**.

Date: 2/6/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEVIN D. BRAZIER
228965
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic Service to the following defendants:

    Officer Rogers (at Wabash Valley Correctional Facility)
    Officer Ivy (at Wabash Valley Correctional Facility)
    Officer Goodman (at Wabash Valley Correctional Facility)
    Officer Scott (at Wabash Valley Correctional Facility)
    Warden R. Brown (at Wabash Valley Correctional Facility)