UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN D. BRAZIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-00563-JPH-DLP |
| | ) |
| ROGERS, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE**

Plaintiff Kevin Brazier brought this action against prison officials at Wabash Valley Correctional Facility ("WVCF"), alleging excessive force and deliberate indifference to his safety in violation of the Eighth Amendment. For the reasons explained below, this action is **DISMISSED WITH PREJUDICE** for failure to prosecute.

**I.
BACKGROUND**

Mr. Brazier initiated this action by filing a complaint and a motion to proceed *in forma pauperis* on November 22, 2019. Dkts. 1, 2. He has not filed anything in this action since that time. Mr. Brazier's copy of the Order setting the pretrial schedule and discovery deadlines was returned to the Court as undeliverable on April 28, 2020. Dkt. 17.

On June 5, 2020, the defendants filed a motion to stay the discovery deadlines in the pretrial schedule, arguing that Mr. Brazier had not updated his address since he was released from WVCF on January 16, 2020; that their Answer to his complaint was returned and marked "Forwarding Order Expired"; and that it was impossible, without an updated address, to proceed with the litigation. Dkt. 19. The Court denied the motion but ordered Mr. Brazier to update his address by

1

August 14, 2020. Dkt. 20. Mr. Brazier was warned that the failure to meet this deadline may result in dismissal of the action for failure to prosecute. *Id.*

## II.
## LEGAL STANDARD

Dismissal for want of prosecution "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin,* 514 F.3d 734, 736 (7th Cir.2008) (internal quotation marks and citations omitted). The Seventh Circuit considers the following factors to determine whether dismissal is appropriate in a specific case: the frequency of the plaintiff's failure to comply with deadlines, whether these failures are attributable to the plaintiff or the plaintiff's counsel, the effect of the mistakes on the court's calendar, the prejudice the delays have caused to the defendants, the merit of the suit, and the consequences of dismissal for the social objectives that the litigation represents. *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 551 (7th Cir. 2011).

## III.
## DISCUSSION

Mr. Brazier abandoned his lawsuit against prison officials after he was released from WVCF. He failed to update his address upon his release more than eight months ago and has not filed anything in this action other than the complaint and the motion to proceed *in forma pauperis*. Copies of the Court's orders and the defendants' filings have been returned as undeliverable. He was warned to update his address by August 14, 2020, to avoid dismissal and failed to meet that deadline. Accordingly, the action is **DISMISSED WITH PREJUDICE** for failure to prosecute. **SO ORDERED.**

Date: 9/25/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEVIN D. BRAZIER
228965
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov

Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov